IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENNAN R. TRASS,

        Plaintiff,

v.                                              CASE NO. 19-3265-SAC

RENO COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.

## O R D E R

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a person held at the Reno County Correctional Facility (RCCF). Plaintiff proceeds pro se and in forma pauperis.

### Nature of the complaint

The complaint names as defendants the Reno County Sheriff's Department, the RCCF, Sheriff Randy Henderson, Undersheriff Shawn McHaley, and Captain Shawn McClay, Sergeant Josh Scott, Sergeant (fnu) Wornkey, Sergeant (fnu) Evans, and Sergeant (fnu) Carder of the RCCF.

The complaint alleges that plaintiff "was ordered to represent himself in an ongoing criminal trial", that he had no access to a legal library or other legal materials, and that as a result, he was unable to successfully represent himself. Plaintiff seeks declaratory and injunctive relief and damages.

### Motion to appoint counsel

Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the

district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979. The Court has considered the complaint and finds no ground to appoint counsel at this time. Plaintiff is able to clearly express the nature of his claims, and at this point, the matter does not appear to be unusually complex.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has examined the complaint and directs the plaintiff to supplement the record with (1) the case number of the criminal case and (2) whether he was appointed standby counsel to assist him during the proceedings.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to appoint counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including **January 24, 2020,** to supplement the record as directed.

**IT IS SO ORDERED.**

DATED:  This 9th day of January, 2020, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge