IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENNAN R. TRASS,**

                           **Plaintiff,**

      v.                                                   **CASE NO. 19-3265-SAC**

**RENO COUNTY SHERIFF'S DEPARTMENT, et al.,**

                           **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, now a prisoner in state custody, claims his constitutional rights were violated by the lack of access to a law library during his pretrial detention in the Reno County Correctional Facility (RCCF).

By an order dated January 9, 2020, the Court directed plaintiff to submit additional information, and he filed a timely response. The Court has considered the record, and for the reasons that follow, dismisses this matter for failure to state a claim for relief.

### Pending motions

Three motions are pending before the Court: (1) plaintiff's amended motion for leave to proceed in forma pauperis (Doc. 14); (2) his amended motion for damages (Doc. 16); and his motion to document records (Doc. 18).

Plaintiff has been granted leave to proceed in forma pauperis, and his amended motion appears to seek relief from the fee obligation due to the current negative balance in his institutional account. The collection of a prisoner's filing fee is governed by 28 U.S.C. § 1915(b), which provides for an initial partial filing fee based upon

balance and deposit information for the six months preceding the filing of an action. 28 U.S.C. § 1915(b)(1). After the initial partial fee is paid, the correctional institution is directed to submit a partial filing fee in each month in which the deposits to a prisoner's account exceed $10.00. § 1915(b)(2). Plaintiff's filing fee obligation will remain subject to collection under that statutory provision.

Plaintiff's amended motion for damages increases the amount of damages he seeks as relief. Because the Court has determined that this matter does not state a claim for relief, the motion will be denied as moot.

Plaintiff's motion to document records is granted, and the Court has examined the medical request forms attached to the motion.

## Discussion

The Court construes the complaint to state a claim of a denial of access to the courts due to the lack of a law library and construes the material concerning the medical services at the RCCF as exhibits in support of plaintiff's claim he was injured by the lack of access to a law library[1].

### Denial of access to the courts

The United States Supreme Court has recognized a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Supreme Court has interpreted this right to require that prison officials "assist inmates in the preparation and filing of meaningful legal papers." *Id*. The right to access the courts does not guarantee inmates "the right to a law library or to legal assistance,"

---

[1] Plaintiff appears to claim because he was unable to pursue a claim of the denial of a speedy trial, he remained in pretrial detention, undermining his familial relationships and causing him to suffer mentally and physically.

but merely to "the means for ensuring 'a reasonably adequate opportunity to present claims of violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)(quoting *Bounds,* 430 U.S. at 825). The right to access the courts is "only [the right] to present … grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360.

To establish a violation of this right, a prisoner must show "actual injury" by showing that the denial in access prejudiced the pursuit of a legal remedy. *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Plaintiff claims that the lack of access to a law library at the RCCF caused him actual injury by impairing his ability to represent himself in his criminal trial.

In his supplemental response, plaintiff acknowledges that the trial court appointed standby counsel. It appears that after plaintiff's defense counsel was permitted to withdraw, he was appointed to remain as standby counsel. Plaintiff complains, though, that standby counsel did little to assist him.

"It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999)(citing *Lewis*, 518 U.S. at 350-51). Likewise, the federal courts have held that providing standby counsel is sufficient to protect the right of access to the courts. *See United States v. Stanley*, 385 Fed. Appx. 805, 807-08 (10th Cir. 2010)("Providing standby legal counsel for assistance at trial is the equivalent of allowing

library access ... [a]nd in any event, a trial court is under no obligation to provide law library access to a prisoner who voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding.")(internal quotations and citation omitted); *Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987)("the trial court's offer of appointment of counsel ... and the appointment of standby counsel, satisfied any obligation which the state had to provide ... legal assistance"). *See also Smith v. Hutchins*, 426 Fed. Appx. 785, 788 (11th Cir. 2011)(stating that "a criminal defendant who seeks to proceed pro se has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel")(collecting cases); *Degrate v. Godwin,* 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) ("having rejected the assistance of court-appointed counsel, [the defendant] had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial"); *United States v. Smith*, 907 F. 2d 42, 44 (6th Cir. 1990)(rejecting argument that either the First or the Sixth Amendment require that a criminal defendant who waives his right to counsel is entitled to an adequate law library to satisfy the right of access to the courts).

Here, the fact that plaintiff proceeded with standby counsel available during his trial was sufficient to protect his right of access to the courts; therefore, the failure to allow him access to a law library did not violate his rights.

**Conclusion**

For the reasons set forth, the Court finds plaintiff was not denied access to the courts. Although the RCCF does not have a law library, plaintiff was provided first with appointed counsel, and upon

counsel's withdrawal, he was appointed standby counsel to assist him in the criminal proceedings.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's amended motion for leave to proceed in forma pauperis (Doc. 14) is denied. Collection action shall continue under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED plaintiff's amended motion for damages (Doc. 16) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion to document records (Doc. 18) is granted.

**IT IS SO ORDERED.**

DATED:  This 23rd day of April, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge